**Ranjit SINGH, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76889.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 18, 2007.*

Filed Feb. 27, 2007.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Ranjit Singh, a Sikh native and citizen of India, petitions for review from the decision of the Board of Immigration Appeals (BIA), which dismissed his appeal of the decision of an Immigration Judge (IJ) finding he did not qualify for withholding of removal or protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we review de novo the BIA's conclusion that the hearing did not violate due process. *See Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004).

"[A] competent translation is fundamental to a full and fair hearing." *Perez–Lastor v. INS,* 208 F.3d 773, 778 (9th Cir.2000). We have examined the transcript of the hearing, and have not found evidence that the translation was incompetent. *See id.* (evidence of incompetent translation includes direct evidence of incorrectly translated words, unresponsive answers, and the witness's expression that

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

he is having difficulty understanding what is said to him). There was no due process violation.

We have no jurisdiction over Singh's claims of error in the IJ's grant of voluntary departure or the IJ's advisal of his right to appeal to the BIA, because Singh did not raise these issues in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (exhaustion of administrative remedies is prerequisite to court of appeals' jurisdiction); 8 U.S.C. § 1252(d)(1).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.